Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*POOF-Slinky, LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: Jan. 3, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POOF-SLINKY, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ADAADA, AIXIA, ALBERT N. SUI, AMEESI, ASIEN DIRECT, BABY'S ZONE, BAYNNE, BESHINNING, BIHOOD DIRECT, BLUEDERST, COOLPANDA, DALKEYIE, DDS5391, FA SHAOGE DARA, FACAILY, FORGUN, GBELL, GOHAWK, GOZEBRA, GUINV, GWILL, HENGTONGHUAN, HIMPOKEJG, HOLDSUN, HOWWOH, HSGBVICTS, JYS365, KASIDUANMAIJI, KATEDY, KEAHUP, LESHARP, LIUKUII, MILLET16ZJH, MOVE ON, MQBY413RQ7BT, NACOLA STORE, NAISIDIER, NAOAO, NINGTONGHAIKE, ONBIO, POTATO001, ROLSS, ROSESUMMER, SEPLEGEND, SHINEFAIRY, SIFREE, SOFTMUSIC, STYLEINSIDE, UCHIC, VERHASA, VERTARZ, WEARESH, WINTEFEI, WRISKY, YAN CONTROL BIOTECHNOLOGY, YANBIRDFX, YJZR, ZHENJUN YANG, ZHUHAISHANGXINMAOYIYOUXIANGONGSI, ZYN and SJIPIIIK552 & DISCOUNT STORE,<br><br>*Defendants* | **19-cv-9400 (ER)**<br><br><br>**PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Poof-Slinky** | Poof-Slinky, LLC |
| **Defendants** | AdaAda, Aixia, Albert N. Sui, Ameesi, Asien Direct, Baby's Zone, Baynne, Beshinning, Bihood Direct, bluederst, coolpanda, Dalkeyie, dds5391, Fa Shaoge dara, Facaily, Forgun, GBell, GoHawk, Gozebra, GUINV, Gwill, hengtonghuan, Himpokejg, Holdsun, HOWWOH, HsgbvictS, JYS365, kasiduanmaiji, kateDy, Keahup, LeSharp, LiuKuii, millet16zjh, Move on, MqbY413rQ7bT, NACOLA Store, Naisidier, NAOAO, ningtonghaike, Onbio, potato001, ROLSS, RoseSummer, Seplegend, ShineFairy, SiFree, Softmusic, styleinside, UChic, Verhasa, Vertarz, wearesh, wintefei, Wrisky, Yan Control Biotechnology, yanbirdfx, YJZR, ZhenJun Yang, zhuhaishangxinmaoyiyouxiangongsi, ZYN and sJIPIIIk552 & Discount Store |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Address** | 105 Avenue B, Apt 4B, New York, New York 10009 |
| **Complaint** | Plaintiff's Complaint filed on October 10, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 10, 2019 |
| **Conway Dec.** | Declaration of Laurie Conway in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's |

| | |
|---|---|
| | Application |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| **Slinky Marks** | U.S. Trademark Registration Nos: 5,286,991 for " " for a variety of goods in Class 28; 2,402,881 for " " for a variety of goods in Class 28; and 1,455,493 for "SLINKY" for a variety of goods in Class 28 |
| **Slinky Products** | A precompressed helical spring toy that can perform a number of tricks, which come in a variety of sizes colors and materials that can light up and make noise |
| **Counterfeit Products** | Products bearing or used in connection with the Slinky Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Slinky Marks, and/or bearing or used in connection with marks that are confusingly similar to the Slinky Marks and/or products that are identical or confusingly similar to the Slinky Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies |

| | |
|---|---|
| | and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on October 10, 2019 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 10, 2019 which ordered Defendants to appear on October 24, 2019 at 2:00 p.m. to show cause why a preliminary injunction should not issue;

WHEREAS, on October 16, 2019 and October 17, 2019, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant, except Defendants Aixia and Forgun;

WHEREAS, on October 24, 2019 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in

1

Counterfeit Products or any other products bearing the Slinky Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Slinky Marks;

ii.  directly or indirectly infringing in any manner any of Plaintiff's Slinky Marks;

iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Slinky Marks to identify any goods or services not authorized by Plaintiff;

iv.  using any of Plaintiff's Slinky Marks or any other marks that are confusingly similar to the Slinky Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or

evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User

Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in

place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions

who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii.    the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Slinky Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Slinky Marks.

d)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Slinky Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Slinky Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy

of this Order, to Defendants' e-mail addresses as identified by Amazon pursuant to Paragraph V(C) of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order, or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon Pay, at deanaahn@dwt.com and amazonsubpoenas@dwt.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at xieqt@pingpongx.com and legal@pingpongx.com and Matthew Ball, counsel for PingPong Global Solutions Inc., at Matthew.Ball@khgates.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED 3rd day of January 2020.
New York, New York

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE